IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK MCKAY, **Plaintiff,** | : : : |
| v. | : **CIVIL ACTION NO. 18-CV-5616** |
| SHARIF N. ABAZA, **Defendant.** | : : : |

## MEMORANDUM

**PRATTER, J.**                                                            JANUARY  , 2019

*Pro se* Plaintiff Mark McKay, a State inmate currently incarcerated at SCI Rockview, has filed this civil action pursuant to 42 U.S.C. § 1983 against Sharif N. Abaza, an attorney who represented Mr. McKay during his state criminal proceedings. (ECF No. 2.) Mr. McKay has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Mr. McKay leave to proceed *in forma pauperis* and dismiss his Complaint.

## I. FACTS

Public dockets reflect that in 2016, Mr. McKay was charged with several drug-related offenses in Bucks County. *Commonwealth v. McKay*, Docket No. CP-09-CR-0008249-2016 (Bucks Cty. Common Pleas). On June 6, 2017, Mr. McKay pled guilty to several of the charges and was sentenced to a term of incarceration. *Id.* Sharif N. Abaza was appointed to represent Mr. McKay in these proceedings. *Id.*

Mr. McKay has now filed suit against Mr. Abaza, alleging that Mr. Abaza has violated his Sixth Amendment right to have effective assistance of counsel. (Compl. at 5.)[1] Mr. McKay

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

alleges that Mr. Abaza "never once looked at [his] discovery and forced [him] to take a plea." (*Id.* at 6.) According to Mr. McKay, if Mr. Abaza had looked at the discovery "he would [have] noticed [there was] no search warrant and [that Mr. McKay's] 4th and 14th Amendment[ rights had been] violated." (*Id.*) As relief, Mr. McKay seeks $750,000.00 and a new trial. (*Id.* at 7.)

## II. STANDARD OF REVIEW

The Court will grant Mr. McKay leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Because Mr. McKay is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. McKay cannot maintain his constitutional claims against his attorney Mr. Abaza, however,

---

[2] However, because Mr. McKay is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

because Mr. Abaza is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-appointed attorney is not a state actor for purposes of § 1983). Thus, the Court must dismiss Mr. McKay's Complaint for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. McKay leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. Mr. McKay will not be permitted to file an amended complaint, because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.